# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| YI DU, | DOCKET NUMBER |
| Appellant, | NY-3443-14-0232-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: December 23, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Yi Du, Brooklyn, New York, pro se.

Jessica Childress, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his nonselection for Firearms Instructor Training for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The facts of this appeal are accurately set forth in the initial decision. Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 2-3. The appellant filed an appeal challenging the agency's failure to select him for Firearms Instructor Training, which he claimed was a prohibited personnel practice. IAF, Tab 1 at 5, 7. The administrative judge issued a show cause order advising the appellant of his burden of proof on jurisdiction and ordering him to produce evidence and argument that his appeal was within the Board's jurisdiction. IAF, Tab 4. The appellant replied, contending that his nonselection for the training course constituted prohibited personnel practices in violation of 5 U.S.C. § 2302(b)(2), (b)(4), (b)(6), and (b)(8), and arguing the merits of his appeal. IAF, Tab 7. Concerning his allegation under subsection (b)(8), it appears that the appellant claimed that his whistleblowing activity consisted of his submissions to the Board. *Id.*

¶3 In an initial decision based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, concluding that the appellant failed

to raise a nonfrivolous allegation of jurisdiction. ID at 5. She found that the Board had no authority to address his nonselection claim and that, absent an appealable action, the Board lacked jurisdiction over his allegations that the agency committed prohibited personnel practices. ID at 4. She further found that the appellant failed to make a nonfrivolous allegation of whistleblower reprisal. ID at 4.

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    On review, the appellant contends that he could not find a precedential case analogous to his situation but nevertheless asserts that the Board should assume jurisdiction over his appeal and adjudicate the merits. PFR File, Tab 1 at 4. Specifically, he claims that the administrative judge erred in finding that the prohibited personnel practices he alleged were not within the Board's jurisdiction. *Id.*

¶6    The administrative judge, however, properly found that the Board lacks jurisdiction over allegations that the agency committed prohibited personnel practices absent an appealable action. ID at 4 (citing *Schmidt v. Department of Interior*, 153 F.3d 1348, 1356 (Fed. Cir. 1985)). She also properly determined that the appellant's nonselection for the training course was not an action within the Board's jurisdiction. ID at 4 (citing *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992)). Under these circumstances, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation of jurisdiction. *See, e.g.*, *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 16 (2013). Therefore, because the Board lacks jurisdiction over the matter, it does not have the authority to address the merits underlying the appellant's appeal. *See Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 16 (2012).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal

Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.